Dear Sheriff Brown:
In recent correspondence to this office you express concern regarding the potential unlawful operation of a club known as the "End Zone Club" in Jackson Parish. You relate certain facts regarding the operation of this club, which we requote from your letter:
1) A certain establishment in Jackson Parish known as the End Zone Club operates at least four nights every week after 12:01 a.m. and normally closes at 4:00 a.m.
2) The owner of this establishment operates without any type of permit or license from the police jury or state.
3) Large crowds gather at this club and are allowed to bring and consume alcoholic beverages in the parking lot.
4) This club has been in existence for several years and its main activity is to allow people to gather after hours when all other licensed establishments that allow consumption or the sale of alcohol have closed.
5) Primarily this club sponsors a disk jockey for entertainment. No money is collected at the door of this club for admission. No dues are collected for any type of membership to this club.
6) It is believed that admission tickets are sold out of parish and only tickets for admission are collected before entering the club.
A "bottle club" is defined in the Jackson Parish Alcohol Beverage Ordinance, Section 1, part 8, providing: *Page 2 
 8. Bottle Club: Any establishment wherein the owner or any employee of the owner, does not sell, serve, handle, dispense or store alcoholic beverages, but in which patrons are allowed to consume alcoholic beverages on the premises from the patron's own store, stock or supplies of alcoholic beverages. Further, the establishment's principal commodity and main business transactions are related to alcoholic beverages.
 9. Private Club: An organization with limited and restricted membership which is either: a. non-profit in nature and classified as tax exempt by all state and federal taxing authorities; or b. charges members dues or other charges for membership of at least $50.00 per month, requires that the dues of any member must be fully paid in order to be a member and exists for a fraternal, educational or social purpose.
Pursuant to the Jackson Parish Alcohol Beverage Ordinance, both a "bottle club" and a "private club" must obtain the proper local and state permits as required in Section 2B and Section 3 of that ordinance, which states in pertinent part:
 Section 2B There is hereby levied an annual permit fee for each business location for the year 1992 and subsequent years against all persons, firms, corporation, etc., who may, during the year 1992 and subsequent years, engage in the business of selling, either retail or wholesale, or whose principal commodity and main business transactions are related to alcoholic beverages, in the Parish of Jackson, Louisiana, lying outside of the corporate limits of any municipality situated therein, beverages of high alcoholic content, as follows, to-wit:

Wholesale Dealer $500.00
Retail Dealer $500.00
Bottle Club $500.00
Private Club $500.00

 Section 3 A. Except as provided in Section B of this section, before engaging in the business of dealing in alcoholic beverages, all persons shall obtain, as set forth in this ordinance, an annual permit to conduct each separate business.
 ****** *Page 3 C. No person shall do any acts for which a permit is required by this ordinance unless he holds the proper state and local permits. Each day's business by a wholesaler or retailer without such a valid, unsuspended permit constitutes a separate violation of this ordinance.
Both "private clubs" and "bottle clubs" in Jackson Parish must conduct hours of business as provided by Sections 12B(A) and 12B(B) of the parish ordinance, stating:
 Section 12B A. It shall be unlawful for any bottle club to permit or admit any member of the public into an establishment or part thereof, between the hours of 12:01 a.m. and 6:00 a.m. on week days and between the hours of 12:01 a.m. on Sunday until 6:00 a.m. on the following Monday.
 B. In any bottle club the permit holder shall remove all patrons and members of the public from the premises by 12:01 a.m. and all doors to such premises will be locked. The permit holder and his employees or agents may enter the closed premises for the purpose of cleaning, taking stock or other work in the establishment.
 C. Private clubs and/or individuals who allow non-members or the general public entry on or into the premises and who charge a fee or something of value for entry on or into the premises shall be subject to the same operating guidelines as established herein for bottle clubs in Section 12B(A) or 12B(B).
From the facts related, it appears the End Zone Club is a "bottle club" unlawfully operating after hours without proper state and local permits. A business which operates in violation of the parish alcoholic beverage ordinance and the state alcohol beverage control laws presents an immediate situation ripe for inspection by local and state officials; otherwise, there exists potential liability by the parish. See for example, the case of Adams vs. Traina, 830 So. 2d. 526 (La.App. 2nd Cir. 2002) where a patron sued the town after being shot during an altercation in the parking lot of a bottle club. The town was sued for negligent inspection and negligent licensing of the bottle club as a cause-in-fact of the patron's injury.
Further, please find attached Attorney General Opinion 91-444, in which this office concluded that the Rapides Parish Police Jury may regulate the operating hours of any business that provides public entertainment. In that opinion, the "bottle club" opened at 12:00 midnight and closed at 6:00 a.m. The club allowed *Page 4 
dancing, billiard, and other public entertainment. While the club owner did not have a liquor license and did not sell alcoholic beverages, he did allow members of the public to bring and consume alcoholic beverages on the premises. The author cited R.S. 33:1236 providing for the powers of police juries and specifically subsection (6) therein:
 1236. Powers of parish governing authorities
 The police juries and other parish governing authorities shall have the following powers:
 ******* (6) To regulate the policing of taverns and houses of public entertainment and shops for retailing liquors in their respective parishes, and to impose whatever parish tax they may see fit on all keepers of billiard tables and grog shops and on all hawkers, peddlers and trading boats.
We affirm the conclusion of Opinion 91-444 and determine that the End Zone Club can be regulated by the local authorities.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY:___________________
KERRY L. KILPATICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
 OCTOBER 11, 1991 OPINION NUMBER 91-444
90-POLICE JURIES — Powers Functions
La.R.S. 33:1236(6)
Police Juries may regulate operating hours of any place of public entertainment even if it does not sell alcoholic beverages. This includes "Bottle Clubs".
Mr. Thomas M. Yeager
Assistant District Attorney
9th Judicial District
P.O. Drawer 1472
Alexandria, Louisiana 71309
Dear Mr. Yeager:
On behalf of the Rapides Parish Police Jury you ask for an opinion on the following question:
 "Can the police jury regulate the operating hours of a business operating under a parish occupational license that is a dance hall, place of public amusement and allows consumption of alcoholic beverages on the premises?"
In your letter you state that a "bottle club" opens at 12:00 midnight and closes at 6:00 a.m. The club allows dancing, billiards and other public entertainment. It does not have a liquor license and does not sell alcoholic beverages. It does, however, allow members of the public to bring and consume alcoholic beverages on the premises. The club charges $5.00 per person for entrance and sells bottled water, soft drinks, fruit juices etc.
It is the opinion of this office that the Rapides Parish Police Jury may regulate the operating hours of any business that provides publicentertainment.
LSA R.S. 33:1236 provides for the powers of police juries and other parish governing authorities. R.S. 33:1236 (6) gives the police jury the power "to regulate the policing of taverns and houses of public entertainment and shops for retailing liquors in their respective parishes, and to impose whatever parish tax they may see fit on all keepers of billiard tables and grog shops and on all hawkers, peddlers and trading boats." *Page 2 
This section was interpreted by our office in Attorney General's Opinions 1942-44 page 1724 to allow a police jury to set closing hours for dance halls and places of public entertainment. The statute does not limit the regulation of business to those that provide public entertainment while selling alcoholic beverages. It is the opinion of this office that any business that provides public entertainment, such as music, dancing, billiards, etc. may be regulated by the police jury, even if it does not sell alcoholic beverages.
In your particular case the police jury may set the closing hours for any "bottle club" that provides any type of public entertainment. If you have any further questions in this matter, please feel free to call me.
 Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY:_______________________ J. MARVIN MONTGOMERY Assistant Attorney General